CATHY ANNE SPENCER,

      Plaintiff,

v.                                  Case No:   6:17-cv-887-Orl-41TBS

UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER

Pending before the Court is Plaintiff's Motion for Leave of Court to Take Video Deposition to Perpetuate Trial Testimony (Doc. 49). Plaintiff seeks leave to take a video deposition of her treating physician for use at trial. Defendant opposes the motion (Doc. 50).

Background

This is an action for damages for personal injury under the Federal Tort Claims Act (Doc. 1). On October 11, 2018, Defendant noticed the deposition of Plaintiff's treating physician, Paul Keller, M.D., to occur on December 18, 2018, well prior to the original discovery deadline of February 1, 2019 (Docs. 50-1, 37). The Notice of Taking Deposition Duces Tecum advised that: "The oral examination will continue until testimony is complete and is being taken for the purpose of discovery, **for use at trial** or such other purposes as authorized by law." (Doc. 50-1, emphasis added). Plaintiff did not cross notice the deposition but her lawyer appeared and questioned the witness (Doc. 50-2).

On January 15, 2019, the Court stayed the case management deadlines due to the government shutdown (Doc. 40). On January 30, 2019, the Court reopened the case and

on February 14, 2019, entered an amended Case Management and Scheduling Order ("CMSO"), setting April 2, 2019, as the discovery deadline and April 30, 2019, as the dispositive motion deadline (Doc. 44). The instant motion was filed on May 8, 2019.

Discussion

More than a month after discovery closed, Plaintiff seeks leave to take a second deposition of Dr. Keller, this time by videography, in order to "perpetuate trial testimony." Plaintiff argues that Dr. Keller's office is located more than 70 miles from the courthouse and Dr. Keller "prefers not to take time out of his chosen field, practicing orthopedic medicine, to drive to Orlando to testify." (Doc. 49, ¶ 9). Plaintiff also advises that Dr. Keller charges in excess of $10,000 for trial testimony, versus $2000 per hour for videotaped deposition testimony. Plaintiff argues that presenting Dr. Keller's testimony at trial by video is advantageous for everyone and should be allowed.

Plaintiff acknowledges that "Dr. Keller's testimony is required to be presented live in trial unless the Court allows it under Rule 32(a)(4)(E) of the Federal Rules of Civil Procedure"[1] (Doc. 49 at 6). She argues that Dr. Keller should be deemed an unavailable witness so that videotaped testimony can be used. But that issue assumes that a second deposition will be allowed, and the Court does not find good cause to do so.

---

[1] The Rule provides in part:

(a) Using Depositions.
…
(4) Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
…
(E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

FED. R. CIV. P. 32(a)(4)(E).

Plaintiff's implicit assertion that because she intends to use this deposition for trial purposes, it is somehow not subject to the deadlines set forth in the CMSO is unsupported. Case law in this district recognizes that the rules make no distinction between trial depositions and discovery depositions. See Marshall v. Rice, 211 F.R.D. 680, 681 (M.D. Fla. 2002) ("Simply put, the rules no longer recognize *de bene esse* depositions."); Rhodes v. Lazy Flamingo 2, Inc., 2:14-CV-561-FTM-29CM, 2016 WL 4992418, at *2 (M.D. Fla. Sept. 19, 2016) ("it is not unreasonable or uncommon for discovery deadlines to apply to all depositions regardless of the depositions' purposes and timing because the Federal Rules of Civil Procedure do not make distinctions between trial depositions and discovery depositions," citing Dopson-Troutt v. Novartis Pharm. Corp., No. 8:06-cv-1708-T-24-EAJ, 2013 WL 5231413, at * 2 (M.D. Fla. Sept. 16, 2013)); St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 8:06-CV-223-T-MSS, 2007 WL 9723775, at *1-2 (M.D. Fla. Apr. 19, 2007) (denying a motion for leave to take a deposition to perpetuate testimony for trial, and calling the *de bene esse* procedure "antiquated"). Certainly, the Notice setting Dr. Keller's deposition did not limit its use to discovery but explicitly noted that the deposition was also being taken "for use at trial." There is nothing unusual about this deposition to take it out of the confines of the case management deadlines and the discovery deadline has long since passed.

Under Federal Rule of Civil Procedure 16, scheduling orders may be modified only for good cause and only when the schedule "cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir.1998) (citation and internal quote omitted). There is no showing of good cause or diligence here and the record affirmatively belies any such claim. Plaintiff had a full and fair opportunity to question the witness at the scheduled deposition and did so. She could

have cross-noticed the deposition in order to take it by video but didn't. <u>See</u> Rule 30(b)(3)(B), FED. R. CIV. P. ("With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.") The grounds presented to justify a video deposition for trial purposes (he is a doctor, he is busy, it is expensive to pay him for his time to testify) are not unforeseen and were known and present prior to the close of discovery. Stated simply, there is no good reason to extend the case management deadlines to allow for a second deposition.

Even if the motion were timely and grounds existed for a second deposition, the Court does not find the grounds asserted by Plaintiff exceptional within the meaning of Rule 32. <u>See</u> <u>Whyte v. U.S. Postal Serv.,</u> 280 F.R.D. 700, 701 (S.D. Fla. 2012) (denying motion to use deposition of a plaintiff's treating doctor at trial, as "Federal Rules make clear that live testimony is important–with no exceptions made for doctors or for bench trials. The increased cost to Plaintiff is also not an exceptional circumstance."). Now, the motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record